IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN EDWARD NEAL,

    Plaintiff,

vs.                                                           Civ. No. 99-217 JC/KBM

CLINTON D. HARDEN, et al.,
    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Plaintiff's Motion for Reconsideration, filed September 2, 1999 *[Doc. 21]*; Plaintiff's Motion for Default: FRCP 55(A), filed June 28, 1999 *[Doc. 17]*; Plaintiff's Motion for the Appointment of Counsel, filed May 26, 1999; and Plaintiff's Motion for Censure, filed June 3, 1999 *[Doc. 11]*.

A. Plaintiff's Motion for Reconsideration

The Plaintiff moves the Court to reconsider its August 3, 1999 Memorandum Opinion and Order *[Doc. 20]* which granted the Defendants' motions to dismiss and dismissed this action without prejudice for failing to plead clearly the alleged constitutional violations. Because the Plaintiff filed his motion for reconsideration more than 10 days after the entry of the Court's Memorandum Opinion and Order dismissing the case, I will construe the motion for reconsideration as having been filed pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992).

Rule 60(b) relief is discretionary and warranted only in "exceptional circumstances." *Id*. Rearguing issues or advancing new arguments available when the dispositive motion was briefed do not constitute exceptional circumstances. *Id*. Exceptional circumstances are any one of Rule

60(b)'s six grounds for relief from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In this case, the Plaintiff argues that the Memorandum Opinion and Order should be reconsidered because of a conspiracy by the Defendants against him and because certain statutory language is vague. The Plaintiff also argues that counsel should have been appointed to represent him and that although Employer's Unity was served as a Defendant it has not responded to his lawsuit. I will discuss the appointment of counsel and default issues, *infra*, in relation to the Plaintiff's motions seeking appointment of counsel and default.

Plaintiff's claim of conspiracy most likely falls under Rule 60(b)(3)(fraud, misrepresentation or misconduct by an adverse party). To show relief under Rule 60(b)(3), the plaintiff must provide clear and convincing evidence of misconduct. *See Loum v. Houston's Restaurants, Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998)(citing *Anderson v. Dept. of Health and Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990)). The Plaintiff has made no clear and convincing showing of a conspiracy.

Plaintiff's claim of conspiracy could also fall under Rule 60(b)(6)(relief given for any other justifiable reason). Relief under Rule 60(b)(6) is granted only in "extraordinary circumstances." *Id.* (citations omitted). "However, this power should be reserved for situations in which it 'offends justice' to deny relief." *Id.* (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143,

1147 (10th Cir. 1990)). That is not the situation here.

As for the Plaintiff's argument regarding the vagueness of statutory language, that issue could have been brought up during the briefing of the motions to dismiss. Consequently, the vagueness argument does not warrant Rule 60(b) relief. In sum, the Plaintiff's Motion for Reconsideration is not well taken and should be denied.

B. Plaintiff's Motions for Default, Appointment of Counsel, and Censure

Because I have found, *supra*, that the Plaintiff's Motion for Reconsideration should be denied, the Court's Memorandum Opinion and Order dismissing this cause without prejudice remains in effect. That being the case, the Plaintiff's motions for default, appointment of counsel, and censure are moot and will be denied as such.

Wherefore,

IT IS ORDERED that the Plaintiff's Motion for Reconsideration, filed September 2, 1999 *[Doc. 21]* is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default: FRCP 55(A), filed June 28, 1999 *[Doc. 17]*; Plaintiff's Motion for the Appointment of Counsel, filed May 26, 1999; and Plaintiff's Motion for Censure, filed June 3, 1999 *[Doc. 11]* are denied as moot.

DATED this 18th Day of October 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:          John Edward Neal, *pro se*

Counsel for Defendant Harden:   Barbara Pryor, Esq.

3

McCary, Wilson & Pryor
Albuquerque, New Mexico

Counsel for City of Santa Fe
c/o Employer's Unity:

Ronald J. Childress, Esq.
Klecan, Childress & Huling
Albuquerque, New Mexico